(December 30, 1922.)

## HARRY K. FRITCHMAN, Respondent, v. CATHERINE R. ATHEY, E. E. FRY, HUNTINGTON TAYLOR, NORMAN B. ADKINSON, DAVID BURRELL and W. J. HALL, Appellants.

[211 Pac. 1080.]

INJUNCTION — DISCRETION OF ADMINISTRATIVE BOARDS — PLEADING AND PRACTICE.

1. Courts will not interfere by injunction with the exercise of discretion vested by law in administrative boards, but will, in proper cases, interfere with the action or threatened action by administrative boards outside of their discretion and beyond their powers.

2. In a suit to enjoin a threatened action by an administrative board, on the ground that it is about to proceed in a manner contrary to and in violation of a statute which vests in the board certain discretionary powers, it is necessary to allege either that notwithstanding a proper exercise of its discretion the board is proceeding in violation of the statute, or else that the board has not acted in good faith or has abused its discretion.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. R. L. Givens, Judge.

Action to enjoin erection of tuberculosis hospitals. Judgment for plaintiff. *Reversed.*

Roy L. Black, Attorney General, and Dean Driscoll, First Assistant, for Appellants.

Courts cannot interpose by injunction or *mandamus* to limit or direct the discretion and action of departmental officers in respect to pending matters within their jurisdiction and control, in the absence of fraud or bad faith. (1 Joyce on Injunctions, sec. 54, p. 108; 22 Cyc. 879; *Afton v. Gill,* 57 Okl. 36, 156 Pac. 658; High on Injunctions, sec. 1241; *Balderston v. Brady,* 17 Ida. 567, 107 Pac. 493; *Barber Lumber Co. v. Gifford,* 25 Ida. 654, 139 Pac. 557.)

Barber & Barber, for Respondent.

The limitation contained in the statute that it should be as centrally located as possible, due regard being had to suitability and accessibility, takes away from the commission the power to locate it wheresoever they may please, and imposed upon them the duty of getting as near to the center of the district as may be for the uses and purposes contemplated; it imposes upon the commission the duty of ascertaining whether or not there be such locations, and they cannot be excused from the performance of this duty upon the assumption that nobody came and showed them a better place. (*People v. Board of Supervisors,* 19 N. Y. Supp. 978; *Ritz v. Board of Co. Commrs.,* 172 Mich. 423, 137 N. W. 964; *State ex rel. Clark v. City of Elizabeth,* 32 N. J. L. 357.)

It is incumbent upon the commission to show that there is no suitable site nearer the center of the districts than the ones selected. (*Finch v. Riverside etc.,* 87 Cal. 597, 25 Pac. 765; *Longenecker v. Wichita, etc.,* 80 Kan. 413, 102 Pac. 492.)

State officials or commissions attempting to do what they ought not to do are amenable to injunction, and it will always go to restrain an irregular use of authority. (*State ex rel. v. Johnson,* 234 Mo. 238, 137 S. W. 595; *City of Bayonne v. Borough, etc.,* 77 N. J. Eq. 166, 75 Atl. 558; *Corvallis, etc., v. Benson,* 61 Or. 359, 121 Pac. 418; *Taylor, etc., v. Benson,* 56 Or. 157, 108 Pac. 126; *State v. Lawrence,* 80 Kan. 707, 103 Pac. 839.)

RICE, C. J.—In the year 1919, an act of the legislature was passed creating within this state two tuberculosis hospital districts. The act provided for the creation of a State Tuberculosis Commission. Under the general head of ''Powers and duties of the state tuberculosis commission,'' it was enacted that ''they shall acquire by purchase, or otherwise, real property for two district tuberculosis hospital sites, said sites to be high and dry, and generally favorable to the treatment of tuberculosis; they shall be as near the center of the districts as possible with due regard to suitability for the

purpose, and the accessibility from all parts of the districts, and be adjacent to some incorporated town or city, and shall consist of not less than ten acres of ground for each site; such sites shall be separate and apart from those designated for almshouses. . . . . '' (Sess. Laws 1919, p. 175.)

The commission was appointed and selected two sites for the proposed hospitals, one near the city of Sandpoint and the other near the city of Payette. Respondent brought this action to restrain appellants, members of the commission, and the commissioner of public works from proceeding with the erection of the hospitals.

The principal contention of respondent was to the effect that the sites chosen were not as near as possible to the center of the respective districts, as provided by the act of the legislature. Upon the filing of the complaint, the court issued an order to show cause and granted a temporary injunction. From the order granting a temporary injunction, an appeal was taken to this court. Thereafter, appellants answered. A demurrer to the answer was sustained, and appellants declining to plead further final judgment was entered enjoining the construction of the hospitals. An appeal was perfected from the judgment.

The court will not, by injunction, interfere with the exercise of discretion granted by law to administrative boards. (1 Joyce on Injunctions, p. 108, sec. 54; 2 High on Injunctions, p. 1247, sec. 1241; *Balderston v. Brady*, 17 Ida. 567, 107 Pac. 493; *Town of Afton v. Gill*, 57 Okl. 36, 156 Pac. 658.) In proper cases, however, equity will interfere, by injunction or other appropriate remedy, where the board or commission is acting or threatening to act outside of its jurisdiction or beyond its· powers. By the terms of the statute, above quoted, the commission was invested with discretionary power in certain particulars. It had the power to determine whether the available sites were high and dry and generally favorable to the treatment of tuberculosis, and whether they were suitable for the purpose and accessible from all parts of the respective districts. In certain other respects, the commission had no discretion. The sites selected were re-

quired to be adjacent to some incorporated town or city, and to consist of not less than ten acres of ground for each site, and if in each district there were two or more available sites of substantially equal merit, so far as the statutory qualifications are concerned, the commission was required by law to choose the site nearest the geographical center of each district.

In the complaint it is alleged that the commission "did at a meeting by it held on the . . . . day of March, 1922, authorize and approve the selection of said hospital sites in said districts as follows: One at or near the city of Payette in the county of Payette in the said southern district, which such location is situate on the extreme westerly boundary of said district and far removed from the center, or central location in said district situate, when in truth and fact there are divers and numerous suitable locations, adapted to the purpose and treatment of tuberculosis and the location of tuberculosis hospitals, which are centrally situate in said district, and which are or would be easy of access from all parts or portions of such district, and the procurement of which would work and effect a great saving for all time to the citizens and taxpayers of the state of Idaho." A similar allegation is made with respect to the selection of the hospital site near the city of Sandpoint.

The foregoing allegation does not state sufficient facts to constitute a cause of action or to warrant the issuance of an injunction. Even if the discretionary matters in regard to the location of the proposed hospital sites were lodged in the courts, instead of in the commission, the allegation is insufficient because it failed to state that the divers and numerous suitable locations, not named, possessed all the requisite statutory qualifications. With the wisdom of the legislation we have nothing to do. But the commission was vested with authority to determine the existence of a portion of the qualifications. In order to state a cause of action it would be necessary that the complaint allege that the commission found that there were two or more locations in each district of substantially equal merit in fulfilling the statutory re-

quirements, but failed and refused to select the site nearest the center of the district, or else that the commission acted in bad faith or abused its discretion. The demurrer to the complaint should have been sustained.

The answer filed by appellants denied the material allegations of the complaint so far as the matter herein discussed is concerned, and affirmatively alleged that "pursuant to such investigation and in the exercise of the discretion by law on it conferred, the State Tuberculosis Commission found, and defendants allege the fact to be, said site near Sandpoint in said northern district and said site near Payette in said southern district as referred to in the complaint on file herein, to be high and dry and to be generally favorable to the treatment of tuberculosis and as near to the center of their respective districts as possible with due regard to suitability for their purpose and accessibility from all parts of their respective districts and adjacent to incorporated cities or towns." The denials alone were sufficient to raise material issues, and when coupled with the affirmative matter above set forth, clearly the answer was sufficient to state a defense. The demurrer to the answer should have been overruled.

The judgment is reversed and the cause remanded, with directions to permit respondent to amend his complaint, if he so desires, and for further proceedings in accordance with the views herein expressed. Costs awarded to appellants.

Budge, McCarthy and Dunn, JJ., concur.

Lee, J., concurs in the conclusion reached.